EDWARD F. ROBERTSON, APPELLEE, V. R. F. WALKER, APPELLANT.

FILED JUNE 12, 1922.   No. 21964.

Evidence examined, and *held* to support the judgment.

APPEAL from the district court for Franklin county: WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

W. H. Miller and E. G. Caldwell, for appellant.

A. H. Byrum and H. W. Short, contra.

Heard before LETTON, DEAN and DAY, JJ., BLACKLEDGE and TEWELL, District Judges.

TEWELL, District Judge.

This was an action in replevin, in which no bond was furnished by plaintiff and the property replevied was returned to the defendant and the action proceeded as one for damages.

On or about April 9, 1919, the jury in the case of Raymond Scott, a minor, by his father and next friend, against Porter R. Robertson, returned a verdict for $350 against

the defendant therein, on account of damages received by said minor on account of being struck by an automobile owned and driven by said Porter R. Robertson. On April 29, 1919, a judgment was rendered on this verdict. About April 18, 1919, Porter R. Robertson, who owned a Ford automobile, transferred it to the plaintiff, for what the plaintiff testified was a consideration of $300. On April 23, 1919, the plaintiff traded this Ford car for one Reo automobile and gave $100 in cash and a mortgage thereon for $200 in addition as a part of the purchase price. Afterwards plaintiff paid the amount of the mortgage of $200 on the Reo car. An execution was issued on the judgment above mentioned and this execution was levied on said Reo automobile about July 17, 1919, at a time when it was in the garage at the home of said Porter R. Robertson. The defendant in this action is the sheriff who levied said execution. The plaintiff in this action is a son of said Porter R. Robertson, defendant in said personal injury action. The plaintiff in this action without doubt knew that the verdict of $350 had been returned against his father in the personal injury action at the time he testified he purchased the Ford car from his father. The evidence of the defendant shows the entrance of the judgment in the personal injury action and issuance of the execution therein and the subsequent levy thereof on said Reo automobile, and also shows that the said Porter R. Robertson and his son, Edward F. Robertson, plaintiff in this action, prior to the trial of the personal injury action had stated they would "fix things" so that any judgment that might be obtained in the personal injury action would not be satisfied for want of property of said Porter R. Robertson. Aside from a meager amount of evidence on the two points above mentioned, the evidence of the defendant is confined almost exclusively to the value of the car replevied, which for lack of bond was never turned over to the plaintiff herein. There is no evidence whatsoever as to whether or not Porter R. Robertson has other property from which such judgment could be satisfied.

The testimony of the plaintiff to the effect that he paid his father $300 for the Ford car, and that he subsequently traded it for the Reo car in controversy, and paid a difference of $300 by paying $100 in cash and by executing a mortgage on the Reo car for $200 and afterwards paying the debt secured by this mortgage is undenied. The paying of this difference is corroborated by the testimony of the purchaser of the Ford car. Also the testimony of the plaintiff that subsequent to the trade he was at all times in possession of the Reo car and merely kept it at the garage of his father is undenied, except by the circumstances of the relationship of the plaintiff to the judgment debtor, and the keeping of the car in the garage of and the absence of the plaintiff from the home of the judgment debtor.

As we view the case, the instructions were in conformity to the law as declared in section 2643, Rev. St. 1913. Had there been an issue of fact upon the question of whether or not a change of possession of the car took place after the sale to the plaintiff, then the case should also have been submitted with an instruction declaring the law as stated in section 2633, Rev. St. 1913. But under the state of this record no such question of fact was involved. Under the state of the record a levy of the execution and a subsequent action in equity to clear the title to the Reo car and have it declared the property of the judgment debtor, or an answer in this replevin action for such purpose, it seems would have given the court a chance at least to have prevented what may have been a fraud.

The judgment of the district court is

AFFIRMED.